UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

I. KRUGER, INC.,

      Plaintiff,                                            Case No. 07-C-1116

      v.

OCONTO FALLS TISSUE, INC.,
and ST PAPER LLC,

      Defendants.

**ORDER AND DECISION GRANTING
MOTION FOR SUMMARY JUDGMENT**

I. Kruger, Inc. ("Kruger"), filed this diversity action against Oconto Falls Tissue, Inc. ("OFTI"), and ST Paper, LLC ("ST Paper"), to recover $82,000 plus interest that Kruger claims remains owing for environmental testing it performed under two separate contracts with OFTI. At the time it contracted with Kruger, OFTI was engaged in the business of manufacturing and selling tissue rolls. Before the testing was completed, however, OFTI and its parent and grandparent companies agreed to sell all assets owned or used by OFTI in connection with the operation of its business to ST Paper. Kruger has asserted a claim against OFTI for breach of contract and against ST Paper for violation of the Uniform Commercial Code–Bulk Transfers, which Wisconsin has adopted as Chapter 406, Wis. Stat. A third claim for unjust enrichment, apparently in the alternative, is asserted against both parties. Federal jurisdiction exists under 28 U.S.C. § 1332.

The case is presently before the Court on Kruger's motion for summary judgment on the claims for breach of contract and violation of the Bulk Transfers Act. OFTI does not oppose Kruger's motion, and because Kruger's motion demonstrates that it is entitled to judgment as a

matter of law on its contract claim, Kruger's motion will be granted against OFTI. ST Paper, however, offers two defenses to Kruger's Bulk Transfer claim. First, ST Paper argues that the six-month statute of limitations under the Bulk Transfer Act, Wis. Stat. § 406.111, expired, and thus, Kruger's claim is barred. Alternatively, ST Paper argues that Kruger is estopped from maintaining a claim under the Bulk Transfer Act because Kruger received a portion of the proceeds of the transfer in partial payment for its services. Neither defense is supported by evidence sufficient to avoid summary judgment. Accordingly, Kruger's motion will be granted on its claim against ST Paper as well.

## BACKGROUND

Kruger, a supplier of technology and equipment for wastewater and drinking water treatment, entered into two agreements with OFTI, a manufacturer and seller of tissue rolls. (PPFOF ¶¶ 1, 2.) The parties entered into the first agreement on January 17, 2007 and the second agreement on March 15, 2007. (PPFOF ¶¶ 3, 6.) It is undisputed that Kruger performed the ACTIFLO Pilot Studies required under each contract. (PPFOF ¶ 9.) Each agreement required payment within thirty days of invoice and was governed by North Carolina law. (PPFOF ¶¶ 4, 5, 8.)

On April 16, 2007, while Kruger was conducting the second ACTIFLO Pilot Study, ST Paper, OFTI, and OFTI's parent and grandparent companies entered into a Second Amended and Restated Asset Purchase Agreement ("Agreement"). (PPFOF ¶ 13.) ST Paper agreed to purchase, for 86.4 million dollars, "all of the assets owned or used by [OFTI] in connection with the operation of its business," within specified exclusions. (PPFOF ¶¶ 14, 16.) The Agreement waived compliance with Wisconsin's bulk sales law:

2

> 12.11. Bulk Sales. The Sellers and the Buyer hereby waive compliance by the Buyer and the Seller with the provisions of the Bulk Sales Law of the States [sic] of Wisconsin, and the Sellers jointly and severally warrant and covenant to pay and discharge when due all claims of creditors which could be asserted against the Buyer by reason of such noncompliance to the extent that such liabilities are not specifically assumed by the Buyer under the Agreement.

(PPFOF ¶ 17.) Furthermore, the Agreement prevented OFTI from disclosing the transfer: "The Sellers [OFTI et al] agree that they shall make no public release or announcement concerning the transactions contemplated hereby. The Buyer shall have the sole right to determine what, if any, public announcements shall be made." (Schmidt Decl. ¶ 2, Ex. A at ST0030.)

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion; however, there must be a genuine issue of material fact for the case to survive. *Id.* at 247-48. "Material" means that the factual dispute must be outcome-

3

determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997).

A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**II.  Breach of Contract**

To evaluate a breach of contract claim in North Carolina, a valid contract must exist, as well as a breach of the material terms of the valid contract. *Poor v. Hill*, 530 S.E.2d 838, 843 (N.C. 2000). A breach of contract is actionable if a material breach occurs that substantially defeats the purpose of the agreement or goes to the very heart of the agreement, or can be characterized as a substantial failure to perform. *Fletcher v. Fletcher*, 474 S.E.2d 802, 807-08 (N.C. Ct. App. 1996), rev. denied, 345 N.C. 640, 483 S.E.2d 706 (1997).

Neither OFTI nor ST Paper disputes that two valid contracts exist: the January 17, 2007 contract and the March 15, 2007 contract. It is also undisputed that Kruger fully performed under both contracts. Kruger invoiced OFTI $88,000 for the first test on April 11, 2007. (PPFOF ¶ 10.) Kruger invoiced OFTI $72,000 for the second test on June 6, 2007. (PPFOF ¶ 11.) OFTI paid Kruger $48,000 on August 10, 2007 and $30,000 on February 22, 2008. (PPFOF ¶ 12.) A balance of $82,000 thus remains and is yet unpaid. OFTI's failure to pay the outstanding balance within thirty days constitutes a material breach. In addition, under North Carolina law, OFTI's unpaid

4

obligations bear interest at a rate of 8% per annum from the date they were due. N.C. Gen. Stat. §§ 24-1, 24-5.

Kruger calculates its damages as of August 28, 2008, at $92,819.12, with interest accruing at a rate of $19.50 per day. Neither defendant disputes its calculation either of the amount owing as of August 28, 2008, or the daily interest. I therefore conclude that Kruger is entitled to summary judgment on its claim against OFTI in the total amount of $95,354.12 ($92,819.12 + $2,535 (130 days x $19.50)).

**III.    Bulk Transfer Count**

Kruger's bulk transfer claim requires more discussion. The Bulk Transfer Act governs bulk transfers by enterprises "whose principal business is the sale of merchandise from stock, including those who manufacture what they sell." Wis. Stat. § 406.102(3). A bulk transfer is any transfer in bulk and not in the ordinary course of the transferor's business of a major part in value of the inventory of the enterprise, and includes a transfer of a substantial part of the enterprise's equipment if it accompanies a bulk transfer of the inventory. Wis. Stat. § 406.102(1) and (2). The Act makes a bulk transfer ineffective against creditors of the transferor unless the transferee requires the transferor to furnish a list of the transferor's existing creditors and then furnishes those creditors notice of the transfer at least ten days before he pays the transferee or takes possession of the goods, whichever occurs first. Wis. Stat. §§ 406.104((1)(a) and 406.105.

Here there is no dispute that OFTI's transfer of assets to ST Paper constitutes a bulk transfer within the meaning of the Act. It is also undisputed that Kruger was a creditor of OFTI at the time of the transfer and that ST Paper gave no notice of the transfer to Kruger before the transfer occurred or the proceeds paid. Indeed, the parties to the bulk transfer expressly agreed that they

5

would waive compliance with the Act and that OFTI would "pay and discharge when due all claims of creditors which could be asserted against [St Paper] by reason of such noncompliance . . . ." (PFOF ¶ 17.) Thus, OFTI's transfer of assets to ST Paper was ineffective against Kruger and Kruger remained free to pursue recovery of the debt owed by OFTI against such assets.

ST Paper argues, however, that Kruger's claim is barred by the six-month statute of limitations provided by the Bulk Transfer Act. *See* Wis. Stat. § 406.111. ST Paper contends that the transfer took place on April 16, 2007, and that Kruger filed its claim on December 14, 2007, more than six months later. Hence, ST Paper contends, Kruger's claim against it is barred.

The six-month statute of limitations does not apply, however, when the transfer has been concealed. Wis. Stat. § 406.111. If the transfer has been concealed, the discovery rule applies, and the creditor must bring its action within six months of discovering the transfer. *Id*. Non-compliance with the notice provision is tantamount to concealment of the bulk transfer. *See Korg USA, Inc. v. In Tune Indus., Inc.*, 674 N.Y.S.2d 100, 101 (N.Y. App. Div. 1998) (collecting New York cases holding non-compliance with the notice provision of bulk transfer statute amounts to concealment). Here, not only was there noncompliance with Chapter 406, but ST Paper took affirmative steps to conceal the transfer by obtaining OFTI's agreement that it would make no public release or announcement concerning the transaction and that ST Paper would have "the sole right to determine what, if any, public announcements shall be made." (Schmidt Decl. ¶ 2, Ex. A at ST0030.)

It follows that Kruger's bulk transfer claim is not barred by the statute of limitations because ST Paper and OFTI concealed the transfer from Kruger until July 10, 2007. While ST Paper contends that the transfer was not concealed, it provides no evidence that notice was given to Kruger or that any public notice was made, such that Kruger should have known of the transfer.

6

Furthermore, ST Paper prevented OFTI from disclosing the transfer through Second Amended and Restated Asset Purchase Agreement, Section 7.5(c). (Schmidt Decl. Ex. A at ST0030; Dkt. # 22-1.) As a result, Kruger's bulk transfer claim is not barred by the statute of limitations.

ST Paper also argues that Kruger is estopped from seeking relief under the Bulk Transfer Statute because Kruger accepted payments from OFTI that came from the proceeds of the transfer to ST Paper. ST Paper contends that Kruger's acceptance of payment constitutes a waiver of Kruger's right to object to the transfer and that Kruger cannot receive the benefit of the transfer (payment from the proceeds) without being subject to the transfer's burdens.

When a creditor acquiesces to a sale or transfer and receives benefits, knowing that such benefits are a direct result of the sale or transfer, that creditor may be estopped from claiming that the sale or transfer was ineffective against that creditor under a bulk sales law. *In re Gill-Owen Co.*, 204 F.2d 520, 523-24 (7th Cir. 1953). In *Gill-Owen*, a bank-creditor "did, at or about the time of the transaction, have actual knowledge of the [bulk] transfer." *Id*. at 522. The bank-creditor's president advised and consulted with the transferor and transferee prior to the transfer. *Id*. After the transfer, the bank issued and honored payroll checks for the transferee, as well as transacted other business with the transferee. *Id*. Additionally, the bank-creditor received benefits from the acquiring company; however, when those benefits ceased, the bank-creditor argued that the underlying transfer was void because it did not comply with the Illinois Bulk Sales Act. *Id*. at 522-23. Under these circumstances, the Seventh Circuit concluded that the bank-creditor was estopped from claiming a violation of the Bulk Sales Act because the bank-creditor "participated in and took the benefits of a transaction with full knowledge that" the transfer did not comply with Bulk Sales Act. *Id*. at 524.

The defense of estoppel does not prevent summary judgment in Kruger's favor here, however, because ST Paper has offered no evidence that Kruger's acceptance of the payments from OFTI was made with full knowledge that such payments were the proceeds of the transfer between OFTI and ST Paper. While Kruger admits that it learned of the transfer on July 10, 2007, and therefore the payments made by OFTI to Kruger were made after Kruger learned of the transfer; there is nothing in the record suggesting that Kruger acquiesced to the transfer or that it had full knowledge that the payments were a direct result of the transfer. ST Paper's contention in its response that "[u]pon information and belief, but for the Transfer, those payments received by Kruger could not have been made," is not supported by any credible evidence. It is thus insufficient to prevent entry of summary judgment in Kruger's favor. *See Price v. Rochford*, 947 F.2d 829, 832 (7th Cir. 1991) (verifying opposition to motion for summary judgment based upon knowledge and belief is insufficient); *see also* Fed. R. Civ. P. 56(e).

Furthermore, this case is distinguishable from *Gill-Owen*. 204 F.2d 520. In *Gill-Owen*, the creditor was a bank that not only had pre-existing relationships with both the transferee and transferor, but participated in a post-transfer relationship with the transferee. Kruger accepted payments from OFTI pursuant to their pre-transfer agreements, but did not have any post-transfer interaction with either the transferor or transferee in the same manner that the bank-creditor did in *Gill-Owen*. Therefore, Kruger did not waive its right to object to the transfer or from raising a claim under the Bulk Transfer Law.

## CONCLUSION

Kruger has demonstrated that there are no genuine issues of material fact with respect to Counts I and II of its claims and is entitled to judgement as a matter of law. OFTI has offered no

8

defense to Kruger's breach of contract claim, and ST Paper has failed to produce evidence in support of its statute or limitations or estoppel defenses to Kruger's Bulk Transfer Act claim. Therefore, summary judgment against defendants OFTI and ST Paper and in favor of Kruger with respect to Counts I and II is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**. Kruger is entitled to recover on its contract claim against OFTI the sum of $95,354.12. In addition, because the defendants did not comply with the Bulk Transfer Act, Kruger is entitled to levy upon the assets that OFTI transferred to ST Paper, or from the proceeds of those assets, in order to recover the debt owed by OFTI. Entry of final judgment, however, must await disposition of Kruger's remaining unjust enrichment claim. Kruger shall notify the court within ten days of this order whether it intends to pursue that claim. In the event it elects not to do so, the Clerk will be directed to enter judgment accordingly.

Dated this    12th    day of January, 2009.

BY THE COURT:

  s/ William C. Griesbach
William C. Griesbach
U.S. District Judge