UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

I. KRUGER, INC.,

       Plaintiff,                                    Case No. 07-C-1116

     v.

OCONTO FALLS TISSUE, INC.,
and ST PAPER, LLC,

       Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

This matter is before me on Plaintiff I. Kruger, Inc.'s ("Kruger") Civil L.R. 7.4 expedited non-dispositive motion for attorney's fees. Kruger requests that the Court add $10,231.88 for attorney's fees to the judgment of $95,412.62 entered on January 15, 2009. Kruger argues that the judgment should contain a proviso that $99,053.45 (plus taxable costs) of the total amount may be collected either from defendant Oconto Falls Tissue, Inc. ("OFTI") directly, or by levy upon the assets that OFTI transferred to defendant ST Paper, LLC, or from the proceeds of those assets. As neither defendant has filed a response within the time permitted by the local rules, I now address Kruger's motion.

**BACKGROUND**

This case arose out of a dispute over unpaid bills for environmental testing performed by Kruger to OFTI at a mill later purchased by ST Paper, LLC. Kruger makes this request for attorney's fees based upon a July 2007 "Mutual Release and Settlement Agreement" (the

"Settlement Agreement") between Kruger and OFTI.[1] (Third Joyce Decl. Ex. A.) The Settlement Agreement provided that OFTI and defendant ST Paper, LLC would be jointly and severally liable for a sum of $164,000, which was to be paid to Kruger on a schedule of four payments. It indicated that if a party failed to comply with the Settlement Agreement, the non-defaulting party had the right to declare it null and void and recover its attorney's fees and costs incurred enforcing the Settlement Agreement.

On October 1, 2007, Kruger notified ST Paper, LLC and OFTI that it considered the Settlement Agreement null and void as it had only received one of the four installment payments. (Third Joyce Decl., ¶ 4, Ex. B.) Kruger brought suit on the contracts with OFTI on December 14, 2007 and also asserted a claim against ST Paper, LLC based upon Chapter 406 of the Wisconsin Statutes. (Compl. ¶¶ 7, 12-16.). On January 30, 2008, the parties entered into a stipulation whereby the entire case was stayed and would have been dismissed had OFTI made four $30,000 payments to Kruger. (Doc. # 3, # 4.) Only one $30,000 payment was forthcoming from OFTI on February 22, 2008. (Joyce Decl. (Doc. #21), ¶ 8.) As a result, the Court lifted the stay upon Kruger's request, and Kruger moved for summary judgment on both its breach-of-contract claim against OFTI and its Chapter 406 claim against ST Paper, LLC. The Court granted Kruger's motion for summary judgment and entered judgment for $95,412.62, which was the amount due under the original testing contracts, minus the total of all payments received from OFTI.

Through December 31, 2008, Kruger had incurred attorney's fees of $10,231.88 in this case (exclusive of taxable costs). (Third Joyce Decl., ¶ 5, Ex. C.) Of that amount, $3,640.83 was incurred before February 22, 2008, when Kruger received a $30,000 payment from OFTI. (*Id.*)

---

[1]The document purports to be made and entered into by Kruger, OFTI and defendant ST Paper LLC, but only Kruger and OFTI signed the document.

2

## ANALYSIS

Under the "American Rule," a party prevailing in litigation is ordinarily not entitled to payment of a reasonable attorney's fee from the losing party. *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 448, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). This general rule of nonrecovery can be overcome by statute or an "enforceable contract" which allocates attorney's fees. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967)).

Kruger has specified, as required by Fed. R. Civ. P. 54(d)(2)(B)(ii), the Settlement Agreement as grounds entitling it to an award of attorney's fees. This agreement between Kruger and OFTI permits Kruger's recovery of attorney's fees. Kruger contends that $3,640.83 of OFTI's February 22, 2008 payment should be credited towards Kruger's attorney's fees through that date, so that the amount due under the original testing contracts totals $99,053.45 (the amount of the judgment of $95,412.62 plus $3,640.83). Kruger seeks an amended judgment against defendant OFTI in the amount of $105,644.50 (plus taxable costs), with the proviso that $99,053.45 (plus taxable costs) of the total judgment may be collected either from OFTI directly, or by levy upon the assets that OFTI transferred to defendant ST Paper, LLC, or from the proceeds of those assets.

The fees were incurred as a result of OFTI's failure to comply with the Settlement Agreement, a portion of which is properly allocable to the time between the execution of the Settlement Agreement and Kruger's receipt of the $30,000 payment by OFTI under the stipulation between the parties. The Court agrees that as Kruger incurred $3,640.83 in attorney's fees prior to receipt of the $30,000 on February 22, 2008, the judgment should be amended to allow it to collect an additional $3,640.83 from either OFTI from OFTI directly, or by levy upon the assets that

3

OFTI transferred to ST Paper, LLC, bringing that amount to $99,053.45. That portion of the judgment in excess of this amount, $6,591.05, may be collected directly from OFTI.

**IT IS THEREFORE ORDERED** that Kruger's motion is **GRANTED**. The clerk is directed to amend the judgment in favor of Kruger and against OFTI in the sum of $105,644.50, together with costs, of which amount $99,053.45, together with costs, may be collected directly from OFTI, or by levy upon the assets that OFTI transferred to ST Paper, LLC, or from the proceeds of those assets.

Dated this   20th   day of February, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    U.S. District Judge